UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Emmanuel Tria,<br>  Plaintiff,<br><br>    v.<br><br>Disabilities Board of Charleston County,<br>  Defendant. | CASE NO.: 2:24-cv-05788-RMG-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and violation of §41-1-80.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

  a. A charge of employment discrimination on the basis of race discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

3. The Plaintiff, Emmanuel Tria, at all relevant times herein, was a citizen and resident of the State of South Carolina, and resided in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Disabilities Board of Charleston County, upon information and belief, is a domestic nonprofit organized and doing business in the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about July 11, 2023, the Plaintiff began working for the Defendant as a Direct Support Professional, and at all times the Plaintiff was efficient and effective in his work.

11. Beginning in September 2023, Plaintiff began to be discriminated against based on his race (Asian) and national origin (Filipino) when the Defendant refused to accommodate the Plaintiff's schedule for medical appointments. Several of Plaintiff's non-Asian co-workers had multiple jobs, and Defendant accommodated their schedules, but denied Plaintiff's requests.

12. On or about September 27, 2023, Plaintiff reported the racial discrimination, but nothing was done.

13. On or about October 7, 2023, the Plaintiff was moving a heavy patient, because the mechanical bed was not working. Plaintiff immediately felt a strain in his chest. The Plaintiff went home shortly after, but the pain got worse. A few hours later, the Plaintiff went to Doctor's Care.

14. The Plaintiff explained to Doctor's Care what had happened, but they told Plaintiff that he needed to report the incident to his supervisor or to Human Resources before they could see him. The Plaintiff immediately contacted his supervisor, Letisha Lawrence, and told her he was injured at worker, and she told Plaintiff to contact Human Resources.

15. The Plaintiff contacted Anitra Jiles, Human Resources Representative, and advised her of the incident. Ms. Jiles told Plaintiff to go to MedCare Urgent Care for treatment.

16. By reporting his workplace injury, Plaintiff instituted a workers' compensation claim.

17. Following the Plaintiff's claim for workers' compensation, the Defendant, its agents, servants and/or employees began systematically retaliating against Plaintiff.

18. The Plaintiff presented the Defendant with his work restrictions from his treating physician stating that he could not do any heavy lifting. The Defendant did not approve of the Plaintiff's restrictions, and they asked the doctor to lift them.

19. Prior to the Plaintiff's injuries, Plaintiff had never received any verbal or written reprimands.

20. The Defendant terminated Plaintiff's employment in retaliation of the Plaintiff filing a workers' compensation claim on or about October 31, 2023.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Racial Discrimination: Title VII

21. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

22. The Plaintiff is a member of a protected group on the basis of his race. The Plaintiff was retaliated against and terminated based on his race and color in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

23. The Defendant's stated reasons for preferential treatment, retaliation, and wrongful discharge were mere pretext, for the discrimination against the Plaintiff based on his race or color.

24. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ the Plaintiff due to his race or color;

   b. By treating other non-Asian employees with preferential treatment; and

   c. In failing to protect the Plaintiff from racial discrimination, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

25. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, preferential treatment, and retaliation to exist in the workplace.

26. The Defendant's wrongful actions constituted a violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

27. The aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

28. The Plaintiff's race and color were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff.

29. As a direct and proximate result of the Defendant's discrimination on the basis of race or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

30. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

31. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Retaliation 41-1-80

32. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

33. Plaintiff's treatment, in fact, was retaliatory in nature for Plaintiff's instituting, or causing to be instituted, a workers' compensation claim, and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

34. Plaintiff's institution, or causing to be instituted, of a worker's compensation claim was a substantial factor in the Defendant terminating him.

35. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

36. By reason of such wrongful and retaliatory treatment by Defendant, its agents and employees, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

37. Due to the acts of Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits and lost opportunity, reinstatement of benefits, and front pay.

38. Due to the acts of Defendant, its agents and/or employees, Plaintiff is entitled to an equivalent amount of pay that he was regularly getting before his injuries through, back wages and bonuses from the date of his retaliation to the present date, front pay for wages, wages he will lose in the future, and past and future benefits.

## REQUEST FOR RELIEF

39. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

40. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

41. That by reason of such wrongful acts of Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

**WHEREFORE, the Plaintiff prays for the following relief:**

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

                                                **WIGGER LAW FIRM, INC.**

                                                <u>s/Matthew O. King</u>
                                                Matthew O. King (Fed. ID#13793)
                                                8086 Rivers Avenue, Suite A
                                                North Charleston, South Carolina 29406
                                                Telephone: (843) 553-9800
                                                *Attorney for the Plaintiff*

North Charleston, South Carolina
October 11, 2024.